WARNER and others *v.* SPOONER, Assignee.

*(Circuit Court, D. Massachusetts.   September 30, 1880.)*

1. BANKRUPTCY—BANKRUPTS IN REPRESENTATIVE CAPACITY—PROOF OF DEBT.—A court of bankruptcy may permit the bankrupts themselves, acting in a representative capacity as the administrators of an estate, to prove an equitable debt, arising from a loan of funds borrowed from the estate of their intestate, whether such loan was lawful or not.

2. SAME — SAME — SAME — ASCERTAINMENT OF AMOUNT.—In such case, however, the amount for which the administrators are liable should be first ascertained in the court of probate.

*Gideon Wells* and *Knowlton & Long,* for appellants.

*C. N. Judson,* for appellee.

LOWELL, C. J.   This is an appeal from the decree of the district court rejecting a debt offered for proof in the bankrupt estate of Frank H. Warner and Elizabeth B. Warner, copartners.   The bankrupts are the administrators of the estate of the late David Warner, and are entitled to two-thirds of his personal property after his debts are paid.   The debts of the intestate have all been paid, or, if not, are barred by the statute of limitations.   The remaining third belongs to a minor daughter of David.   After David Warner's death, the bankrupts, who are his widow and son, formed a copartnership, and put into it $52,000 of his assets, for which they gave a firm note, payable to the estate of David Warner. Before they became bankrupt they had paid about half of the amount, and it is admitted that they now owe the estate about $27,000.   The district judge very properly rejected a proof upon the note as a legal instrument, holding it a mere memorandum; and from this decree no appeal was taken. The administrators then offered the proof now under review for the amount which, as copartners, they owe themselves as administrators.

We have no doubt that a court of bankruptcy may permit the bankrupts themselves, acting in a representative capacity, to prove an equitable debt of this nature arising from a loan of trust funds, whether the loan was lawful or not; or it may

appoint some one else to make the proof. We agree, however, with the district judge, that the amount for which the administrators are liable, by whomsoever the proof may be made, should be first ascertained in the court of probate. The difficulty could be readily met. The real question in the case lies deeper. It is whether the proof should be for the whole sum due the estate of David Warner, or only for one-third of that sum. The administrators wish to prove for the whole, in order to have a larger dividend coming to them as administrators, by which to diminish the amount which they will owe the minor child, and thereby relieve the sureties on their probate bond.

If the *cestui que trust* were of full age, there can be no doubt that she would have no equity to prove more than the equitable debt due her. Her mother and brother had no lawful authority to put her share of her father's estate at the risk of the business, but they had the right to risk their own shares, and she might have called them to account at any time in the proper court. On the other hand, the firm creditors, trusting to the capital which they saw, had no more than a constructive knowledge of any breach of trust, and have an equity to require that the bankrupts' share of the intestate's property shall go to pay them in the first instance. We do not think that the minority of the daughter should vary the case. The law protects the estate of the father by bonds with sureties, and thus the minor has a double security; and the sureties have no equity as against the firm creditors, for the reason already given, that they had some control over the acts of administrators, while the creditors had none. Looked at as a simple question of equitable indebtedness, the amount which the bankrupts have misapplied is the share of the minor child, and if she offered to prove for more, she must show some peculiar equity which we have failed to discover. See *Ex parte Turner*, 2 De G. McN. & G. 927.

Decree affirmed.